## CIRCUIT COURT OF ARLINGTON COUNTY

In re Estate of Arthur V. Sanchez

August, 1976

Case No. (Chancery) 26292

### By JUDGE CHARLES H. DUFF

Petitioner seeks the aid and direction of the Court as to whether the assets of the estate of Arthur Vincent Sanchez should pass under the provisions of his will of May 10, 1062, or by the laws of intestacy. The sole beneficiary under the will was Jandarc S. Sanchez, who was divorced from decedent by a Mexican decree August 8, 1967. If that decree is valid, then pursuant to Section 64.1-59, Code of Virginia, 1950, Jandarc Sanchez would not inherit as a beneficiary. Also presented is the question of whether estoppel and laches should be applied against Jandarc Sanchez by virtue of the facts revealed by the evidence taken. All parties have presented able briefs and the Court has given careful consideration to the authorities cited therein. No detailed recital of the facts is deemed necessary in this memorandum.

Jandarc Sanchez asserts that the sole and narrow issue presented is the marital status of the decedent on the date of his death. She contends that the Mexican decree was void, ergo decedent's subsequent marriage was void, ergo at the time of his death she remained his spouse. She executed an assignment of her interest in the estate to her children under date of May 26, 1976, and thus asserts that her efforts in this action are not for her own pecuniary benefit.

Petitioner, on the other hand, phrases the issues somewhat differently. He asserts the validity of the Mexican divorce but further contends that regardless of its validity, Jandarc Sanchez should be estopped by her own actions and also by the doctrine of laches.

I have carefully reviewed the excellent collection of authorities on estoppel and laches found in 13 ALR 3d 1452 (1967). The decisions appear in almost every instance to turn on their own peculiar facts, after a critical balancing of the respective equities involved. It is my judgment that under the facts of this case, the inordinate length of time between the Mexican divorce and the challenge asserted thereto requires the application of laches. Furthermore, Arthur Sanchez remarried subsequent to the Mexican divorce, as did Jandarc Sanchez. The Mexican decree was granted at the latter's behest with her presence in Mexico after a full and exhaustive property settlement agreement had been executed. Under such circumstances I am of the further opinion that Jandarc Sanchez is estopped to raise the issue of the validity of the Mexican decree. See *McNeir* v. *McNeir,* 178 Va. 285 (1941), and *Bartsch* v. *Bartsch,* 204 Va. 462 (1963).

I am not unmindful that Jandarc Sanchez contends that estoppel should not be applied because of the unclean hands of Maria Martins Silva. She contends that the evidence establishes that the latter succeeded in "breaking up their marriage." The evidence does disclose an adulterous relationship between Arthur Sanchez and Maria Martins Silva, but I am not persuaded that the burden of showing that the primary fault was Maria Silva's has been carried. For all that appears in the record the affirmative in encouraging the relationship could have been taken as well by Arthur Sanchez.

Accordingly, I do not reach the question of the validity of the Mexican divorce as Jandarc Sanchez is barred by laches and estoppel from raising the issue.